# PROVIDENCE COUNTY.

———◆———

## Joseph A. Pierce *vs.* Ardelia B. Simmons.

Testamentary disposition as follows :

"*Second.* I give, devise, and bequeath to my wife, A. S., all my real and personal estate or property of every kind and value, wheresoever the same may be found, or in whatsoever the same may consist, including as well any that I may acquire subsequently to the date of this will as that which I am now possessed of, to her and her only.

" *Third.* I give, devise, and bequeath, and it is my will that whatever of my said estate, real, personal, and mixed, heretofore given, devised, and bequeathed to my wife, A. S., that shall or may remain at her death, shall go to and be the property of my sister, H. B. S."

*Held,* that the wife, A. S., had the use and enjoyment of the entire estate for life, with full power of alienation and sale.

Defendant's petition for a new trial in the Court of Common Pleas.

*January* 18, 1890. Durfee, C. J. This is *assumpsit* for $3,000 paid by the plaintiff to the defendant on account of a contract between them for the purchase and sale of a farm in the town of Warren in this State. The contract was entered into in July, A. D. 1887. By it the plaintiff agreed to buy, and the defendant to sell, the farm for $10,000, the defendant representing her title to be good. The plaintiff paid the $3,000 in August, before the deed was made, to bind the bargain, as was said. February 23, A. D. 1888, the defendant tendered a warranty deed of the farm in fulfilment of the contract, which was refused, the plaintiff meanwhile, on examination of the title, having been advised that the title to a part of the farm was bad. The plaintiff demanded a return of the $3,000, and, the defendant refusing to return it, brought this action. At the trial in the Court of Common Pleas it was admitted that a part of the farm, as to which part the plaintiff claimed the title to be defective, to wit, about a third of the farm, came to the defendant by mesne conveyances under the will of one Nathan Simmons, dated October 24, 1866, and admitted to probate April 13, 1867, said Simmons being then deceased. The question of title depends on the construction

which is to be given to the two following clauses of said will, to wit :

" *Second.* I give, devise, and bequeath to my wife, Abby Simmons, all my real and personal estate or property of every kind and nature, wheresoever the same may be found, or in whatsoever the same may consist, including as well any that I may acquire subsequently to the date of this will as that which I am now possessed of, to her and her only.

" *Third.* I give, devise, and bequeath, and it is my will that whatever of my said estate, real, personal, and mixed, heretofore given, devised, and bequeathed to my wife, Abby Simmons, that shall or may remain at her death, shall go to and be the property of my sister, Hannah B. Simmons."

The part of the farm in question belonged to said Nathan Simmons when he made said will, and passed under it by said clauses, or the first of them. It came to the defendant by deed from said Abby Simmons, given after the probate of the will, and by deed from her grantee. Said deeds were not put in evidence, but it was assumed that they were sufficient to convey said part of the farm absolutely in fee simple, if said Abby had power under the will so to convey it, the only question made in respect thereto being whether she had such power.

The court below ruled that she took under the will only an estate for life, and had no power to dispose of anything more. The defendant excepted. Another defence was set up, but the jury found for the plaintiff. The case is before us on petition for new trial for error in the aforesaid ruling, and on the ground that the verdict is against the evidence and the weight thereof.

We think there can be no doubt that the first of said clauses, if it stood alone, would pass the testator's real estate to his widow, Abby Simmons, absolutely in fee simple. There are no words of inheritance, but such words are not necessary in a will to pass a fee, if an intent to pass a fee be apparent without them. Ordinarily a devise of "all my estate," or of " my estate," will pass a fee if the testator has it. *Arnold* v. *Lincoln*, 8 R. I. 384 ; *Waterman* v. *Greene*, 12 R. I. 483. Here the testator not only gives " all my real and personal estate and property " to his widow, but he adds, " to her and her only," thus excluding any participa-

tion in the ownership, and clearly indicating his intention for her to have it, with power to use and dispose of it to the uttermost at her own will and pleasure. It is not clear but that the following clause should be rejected for repugnancy. But assuming that both may stand, and that the later engrafts a limitation on the prior, the question is, what is the extent of the limitation. The plaintiff contends that the later clause, by giving to the testator's sister, Hannah, " whatever shall or may remain " at the widow's death, gives the whole estate to her in remainder, reducing the devise to the widow to a devise for life. This seems to us to be a forced and unnatural construction. It robs the first clause of that fulness of testamentary bounty and regard which is so patent when the clause is read by itself. We see no reason for supposing that the word " remain " was used in the later clause with any technical purpose. It is there used with regard to personal as well as real estate, and in relation to personal estate the word has no tincture of technicality attaching to it. If it was the testator's purpose to give his estate to his widow for life, and after her death to his sister in fee, why did he not say so in direct terms? It seems to us reasonable to suppose that it occurred to him, after he had given his estate to his widow absolutely by the first of said clauses, that some of it might remain undisposed of at her death, and that he would like to have this remnant, whatever it might be, go to his sister, and wrote the following clause accordingly. The language "*whatever* shall or may remain " shows clearly that to his mind, as he looked forward, it was uncertain what would remain. The view which we have suggested gives to the later clause its natural and obvious interpretation, and though it qualifies the preceding clause, if both clauses can be sustained, nevertheless it does not really stint the widow, since it leaves to her the use and enjoyment of the entire estate for life, with power to dispose of it during her life, reserving to his sister only what is left at her decease, and this view is supported by the evidence, since the evidence shows that the widow was obliged to resort to the body of the estate for sustenance, the income being insufficient.

Our conclusion is, that said Abby Simmons did have power, under her husband's will, to sell and convey the land in question,

and that the court below erred in ruling the contrary. Because of such error a new trial will be granted. The other question presented by the petition we deem it unnecessary to consider.

*Petition granted.*

*Edward D. Bassett*, for plaintiff.

*E. L. Barney & Warren R. Perce*, for defendant.